**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11
12
13
14

TUNG VAN NGUYEN & THANG LE,

15

Plaintiffs,

16

v.

17

CTS ELECTRONICS MANUFACTURING
SOLUTIONS INC., AND DOES 1 THROUGH
25, INCLUSIVE,

18

19

Defendants.

20
21

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 13-CV-03679-LHK

ORDER GRANTING IN PART AND
DEYING IN PART DEFENDANT'S
MOTION TO STRIKE SECOND CAUSE
OF ACTION; DENYING AS MOOT
DEFENDANT'S MOTION TO DISMISS
PLAINTIFFS' SECOND CAUSE OF
ACTION PURSUANT TO RULE
12(b)(6) AND DEFENDANT'S MOTION
FOR A MORE DEFINITE STATEMENT;
GRANTING DEFENDANT'S MOTION
TO SEVER PLAINTIFFS' FIRST
AMENDED COMPLAINT

22      Plaintiffs Tung Van Nguyen and Thang Le bring this lawsuit against Defendant CTS

23  Electronics Manufacturing Solutions Inc. ("CTS") and Does 1 through 25, inclusive. CTS moves

24  the Court to dismiss the second cause of action in Plaintiffs' First Amended Complaint, *see* ECF

25  No. 14-1, Exhibit B (hereinafter "FAC"), pursuant to Federal Rule of Civil Procedure 12(b)(6).

26  ECF No. 14 ("CTS Mot. to Dismiss/Strike"). Alternatively, CTS moves the Court to strike

27
                                                                    1

28  Case No.: 13-CV-03679-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE SECOND
CAUSE OF ACTION; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND
CAUSE OF ACTION PURSUANT TO RULE 12(b)(6) AND DEFENDANT'S MOTION FOR A MORE DEFINITE
STATEMENT; GRANTING DEFENDANT'S MOTION TO SEVER PLAINTIFFS' FIRST AMENDED
COMPLAINT

**United States District Court**
For the Northern District of California

1    Plaintiffs' second cause of action pursuant to Rule 12(f), or to order the Plaintiffs to provide a more

2    definite statement pursuant to Rule 12(e). *Id.* CTS also moves to sever Plaintiffs' entire FAC

3    pursuant to Federal Rules of Civil Procedure 20 and 21. ECF No. 15 ("Mot. to Sever"). Pursuant to

4    Civil Local Rule 7–1(b), the Court finds these matters appropriate for resolution without oral

5    argument and hereby VACATES the hearings on these motions scheduled for January 9, 2014, at

6    1:30p.m. Having considered the parties' arguments, the relevant law, and the record in this case,

7    the Court hereby GRANTS IN PART AND DENIES IN PART CTS' motion to strike Plaintiffs'

8    second cause of action, DENIES AS MOOT CTS' motion to dismiss the second cause of action

9    pursuant to 12(b)(6) and CTS' motion for a more definite statement, and GRANTS CTS' motion to

10   sever the FAC.

11   **I.    BACKGROUND**

12       **A.    Factual Allegations**

13       Defendant CTS is a corporation doing business in California. Plaintiff Nguyen was hired by

14   CTS on April 29, 2002 and worked as an employee in the stockroom until his termination on

15   November 2, 2011. FAC ¶ 13. Nguyen was an exemplary employee who received several awards

16   for his outstanding performance. *Id.* However, Kenny Lai, director of operations at CTS, eventually

17   solicited Nguyen to join him in illegally selling items that belonged to CTS for a profit. *Id.* ¶ 5, 15.

18   Because Nguyen rejected his proposal, Lai tried to find ways to get rid of Nguyen. *Id.* Kevin

19   Cannon, Nguyen's manager, also participated in Lai's illegal scheme, and because Nguyen rejected

20   the proposal, Cannon began "to exhibit racially discriminatory behaviors and comments towards

21   Plaintiffs." *Id.* ¶ 4, 17. For example, Cannon once told Nguyen, "You are Asian. You don't have

22   money. I always have money in my pocket." *Id.* ¶ 18. Cannon also called Nguyen "stupid

23   Vietnamese" and yelled and cursed at Nguyen and his co-workers, creating an environment that

24   was hostile and harassing to the thirty employees in the stockroom. *Id.* ¶ 19. On October 25, 2011,

25   Nguyen circulated a complaint signed by approximately seventeen CTS employees which Nguyen

26   submitted to human resources. *Id.* ¶ 20. Shortly thereafter, Nguyen was terminated. *Id.*

27   

2

28   Case No.: 13-CV-03679-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE SECOND
CAUSE OF ACTION; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND
CAUSE OF ACTION PURSUANT TO RULE 12(b)(6) AND DEFENDANT'S MOTION FOR A MORE DEFINITE
STATEMENT; GRANTING DEFENDANT'S MOTION TO SEVER PLAINTIFFS' FIRST AMENDED
COMPLAINT

1    Plaintiff Le was an employee of 40 Hrs, Inc., a temporary staffing agency that assigned Le

2    to work at CTS as an employee in the stockroom starting on January 13, 2011. *Id.* ¶ 14. While Le

3    worked for CTS, Le always performed whatever tasks he was given. *Id.* During Le's employment

4    at CTS, Kevin Cannon, Le's manager, called Le "boy," despite the fact that Le was fifty-three

5    years old at the time. *Id.* ¶ 21. After Le filed a complaint with human resources based on Cannon's

6    behavior, Cannon apologized to Le during a meeting with human resources, but shortly thereafter

7    continued to call him "boy." *Id.* ¶ 21. Defendants also refused to allow Le to take his rest and meal

8    breaks for four months while he was employed with CTS, and in one instance, Cannon drove by Le

9    in Cannon's car while Le was taking a nap under a tree during lunch and honked his horn in order

10   to disturb Le's rest. *Id.* ¶ 22. Le was terminated from employment at CTS at an unspecified time.

11   *Id.* ¶ 27.[1]

12   Plaintiffs further allege that Cannon often shouted at both Plaintiffs in the presence of other

13   co-workers and embarrassed Plaintiffs. *Id.* ¶ 23. Plaintiffs allege that "[b]ecause Plaintiffs are

14   Asians and English is their second language, Defendants picked on them as easy targets,

15   Defendants singled out Plaintiffs and treated them differently from other employees of different

16   national origins. In the process of about a few months from July 2011 through December 2011,

17   Defendants systematically replaced Vietnamese workers with those from different national origins

18   and reduced the number of Vietnamese workers to only a handful." *Id.* ¶ 24.

19   **B.    Procedural History**

20   On November 15, 2012, Plaintiffs filed a Complaint in the Superior Court of Santa Clara

21   County asserting eight causes of action against CTS, Kevin Cannon, Kenny Lai, and DOES 1

22   THROUGH 25 INCLUSIVE for (1) wrongful termination; (2) violation of public policy; (3)

23   unlawful harassment; (4) failure to prevent harassment; (5) racial discrimination; (6) retaliation for

24   opposing employment discrimination; (7) statutory violations; and (8) intentional infliction of

25   emotional distress. *See* ECF No. 1 ("Notice of Removal"), Exhibit A. On May 17, 2013, CTS filed

26

27   _____
[1] The FAC does not state the date on which Le was terminated.

3

28   Case No.: 13-CV-03679-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE SECOND
CAUSE OF ACTION; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND
CAUSE OF ACTION PURSUANT TO RULE 12(b)(6) AND DEFENDANT'S MOTION FOR A MORE DEFINITE
STATEMENT; GRANTING DEFENDANT'S MOTION TO SEVER PLAINTIFFS' FIRST AMENDED
COMPLAINT

**United States District Court**
For the Northern District of California

1    a demurrer to the Complaint. ECF No. 1, Exhibit B. On July 1, 2013, the Superior Court issued an

2    Order sustaining CTS' demurrer with leave to amend. ECF No. 1, Exhibit C. On July 19, 2013,

3    Plaintiffs filed a First Amended Complaint against CTS and DOES 1 THROUGH 25 INCLUSIVE,

4    asserting the same causes of action as the original complaint but no longer asserting any causes of

5    action against Kevin Cannon and Kenny Lai, and Plaintiff Nguyen no longer asserted causes of

6    action three through seven. *See* FAC.

7    Subsequently, on August 8, 2013, CTS timely removed the entire action to federal court on

8    the basis of diversity jurisdiction. *See* ECF No. 1 at 1-10. On August 15, 2013, CTS filed a motion

9    to dismiss the Plaintiffs' second cause of action, or in the alternative, to strike the second cause of

10   action or to order a more definite statement. ECF No. 14 ("CTS Mot. to Dismiss/Strike"). That

11   same day, CTS filed a separate motion to sever the FAC. ECF No. 15 ("Mot. to Sever"). Plaintiffs

12   filed one opposition which responds to both of Defendants' motions on August 29, 2013. ECF No.

13   18 ("Opp'n). On September 5, 2013, CTS filed a reply in support of its motion to dismiss, ECF No.

14   21 ("Mot. to Dismiss/Strike Reply"), and a separate reply in support of its motion to sever, ECF

15   No. 20 ("Sever Reply").

16   **II.    LEGAL STANDARDS**

17   **A.    Motion to Dismiss Under Rule 12(b)(6)**

18   Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a

19   short and plain statement of the claim showing that the pleader is entitled to relief." A complaint

20   that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure

21   12(b)(6). The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to

22   state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570,

23   127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff

24   pleads factual content that allows the court to draw the reasonable inference that the defendant is

25   liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.

26   Ed. 2d 868 (2009). "The plausibility standard is not akin to a probability requirement, but it asks

27
                                                    4
     Case No.: 13-CV-03679-LHK
28   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE SECOND
     CAUSE OF ACTION; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND
     CAUSE OF ACTION PURSUANT TO RULE 12(b)(6) AND DEFENDANT'S MOTION FOR A MORE DEFINITE
     STATEMENT; GRANTING DEFENDANT'S MOTION TO SEVER PLAINTIFFS' FIRST AMENDED
     COMPLAINT

1    for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (internal quotation

2    marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual

3    allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the

4    nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.

5    2008).

6         However, a court need not accept as true allegations contradicted by judicially noticeable

7    facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "[C]ourt may look

8    beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6)

9    motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).

10   Nor is the court required to "'assume the truth of legal conclusions merely because they are cast in

11   the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per

12   curiam) (quoting *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory

13   allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."

14   *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.

15   Furthermore, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that

16   [s]he cannot prevail on h[er] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir.

17   1997) (internal quotation marks and citation omitted).

18        **B.    Leave to Amend**

19        If the Court determines that part of a complaint should be dismissed, the Court must then

20   decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure,

21   leave to amend generally should be denied only if allowing amendment would unduly prejudice

22   the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith.

23   *See Leadsinger, Inc. v. BMG Music Publ'g,* 512 F.3d 522, 532 (9th Cir. 2008).

24        **C.    Motion to Strike Under Rule 12(f)**

25        Rule 12(f) provides in relevant part that a court "may strike from a pleading ... any

26   redundant, immaterial, impertinent, or scandalous matter." "Motions to strike are generally

27                                                    5

28   Case No.: 13-CV-03679-LHK
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE SECOND
     CAUSE OF ACTION; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND
     CAUSE OF ACTION PURSUANT TO RULE 12(b)(6) AND DEFENDANT'S MOTION FOR A MORE DEFINITE
     STATEMENT; GRANTING DEFENDANT'S MOTION TO SEVER PLAINTIFFS' FIRST AMENDED
     COMPLAINT

**United States District Court**
For the Northern District of California

1    disfavored." *Abney v. Alameida*, 334 F. Supp. 2d 1221, 1234 (S.D. Cal. 2004) (citing *Cairns v.*

2    *Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998)). "[T]he function of a 12(f) motion

3    to strike is to avoid the expenditure of time and money that must arise from litigating spurious

4    issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d

5    880, 885 (9th Cir. 1983). Ultimately, whether to grant a motion to strike lies within the sound

6    discretion of the district court. *See Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th

7    Cir. 2010). Granting a motion to strike may be proper if it will make trial less complicated or

8    eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues. *Sliger v.*

9    *Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011).

10        **D.    Motion for a More Definite Statement Under Rule 12(e)**

11        Under Rule 12(e), a party may move for a more definite statement with respect to a

12    complaint that "is so vague or ambiguous that the party cannot reasonably prepare a response."

13    Fed. R. Civ.P. 12(e); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 152

14    L.Ed.2d 1 (2002) (stating that, "[i]f a pleading fails to specify the allegations in a manner that

15    provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e)

16    before responding"). A Rule 12(e) motion may be granted, for example, "where the complaint is so

17    general that ambiguity arises in determining the nature of the claim." *Sagan v. Apple Computer,*

18    *Inc.,* 874 F.Supp. 1072, 1077 (C.D. Cal.1994). The Ninth Circuit has expressly held that, "even

19    though a complaint is not defective for failure to designate the statute or other provision of law

20    violated, [a court] may in [its] discretion, in response to a motion for more definite statement under

21    Federal Rule of Civil Procedure 12(e), require such detail as may be appropriate in the particular

22    case, and may dismiss the complaint if [its] order is violated." *McHenry v. Renne,* 84 F.3d 1172,

23    1179 (9th Cir. 1996). Motions pursuant to Rule 12(e) are generally "viewed with disfavor and are

24    rarely granted[.]" *E.E.O.C. v. Alia Corp.*, 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012).

25        **E.    Motion to Sever Under Rules 20 and 21**

26

27                                    6

     Case No.: 13-CV-03679-LHK
28   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE SECOND
     CAUSE OF ACTION; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND
     CAUSE OF ACTION PURSUANT TO RULE 12(b)(6) AND DEFENDANT'S MOTION FOR A MORE DEFINITE
     STATEMENT; GRANTING DEFENDANT'S MOTION TO SEVER PLAINTIFFS' FIRST AMENDED
     COMPLAINT

1          Federal Rule of Civil Procedure 20 provides that persons may join in one action as

2    plaintiffs if:

3              (A) they assert any right to relief jointly, severally, or in the alternative with respect to or

4                   arising out of the same transaction, occurrence, or series of transactions or occurrences; and

5              (B) any question of law or fact common to all plaintiffs will arise in the action.

6    Fed. R. Civ. P. 20(a)(1)(A)-(B).

7          The permissive joinder rule "is to be construed liberally in order to promote trial

8    convenience and to expedite the final determination of disputes, thereby preventing multiple

9    lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th

10   Cir. 1997). The purpose of Rule 20(a) is to address the "broadest possible scope of action

11   consistent with fairness to the parties; joinder of claims, parties and remedies is strongly

12   encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1996).

13         For there to be transactional relatedness under Rule 20(a)(1)(A), the claims must arise out

14   of the same transaction, occurrence, or series of transactions or occurrences. Fed. R. Civ. P.

15   20(a)(1)(A). There is no bright-line definition of "transaction," "occurrence," or "series." Instead,

16   courts assess the facts of each case individually to determine whether joinder is sensible in light of

17   the underlying policies of permissive party joinder. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350

18   (9th Cir. 1997). Although there might be different occurrences, where the claims involve enough

19   related operative facts, joinder in a single case may be appropriate. *See Mosley v. General Motors

20   Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (" 'Transaction' is a word of flexible meaning. It may

21   comprehend a series of many occurrences, depending not so much upon the immediateness of their

22   connection as upon their *logical relationship*.").

23         The second part of the joinder test requires commonality. Commonality under Rule

24   20(a)(1)(B) is not a particularly stringent test. *Bridgeport Music Inc v.. 11 C Music*, 202 F.R.D.

25   229, 231 (M.D. Tenn. 2001) ("the common question test[ ] is usually easy to satisfy"). The Rule

26   requires only a single common question, not multiple common questions. Fed. R. Civ. P. 20 ("any

27                                                   7

     Case No.: 13-CV-03679-LHK
28   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE SECOND
     CAUSE OF ACTION; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND
     CAUSE OF ACTION PURSUANT TO RULE 12(b)(6) AND DEFENDANT'S MOTION FOR A MORE DEFINITE
     STATEMENT; GRANTING DEFENDANT'S MOTION TO SEVER PLAINTIFFS' FIRST AMENDED
     COMPLAINT

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    question of law or fact common to ...”). The common question may be one of fact or of law and

2    need not be the most important or predominant issue in the litigation. *See Mosley*, 497 F.2d at1333

3    (Fed. R. Civ. P 20(a) does not establish a quantitative or qualitative test for commonality).

4            Federal Rule of Civil Procedure 21 provides that “[m]isjoinder of parties is not a ground for

5    dismissing an action. On motion or on its own, the court may at any time, on just terms, add or

6    drop a party. The court may also sever any claim against a party.” Fed. R. Civ. P. 21. Thus, if the

7    test for permissible joinder is not satisfied, a court, in its discretion, may sever the misjoined

8    parties, so long as no substantial right will be prejudiced by severance. *Coughlin*, 130 F.3d at 1350.

9    In such a case the court may generally dismiss all but the first named plaintiff without prejudice to

10   the institution of new, separate lawsuits by the dropped plaintiffs “against some or all of the present

11   defendants based on the claims or claims attempted to be set forth in the present complaint.” *Id.*

12   **III.    DISCUSSION**

13           In Part A below, the Court addresses CTS’ motion to dismiss Plaintiffs’ second cause of

14   action, or in the alternative, to strike the second cause of action or order a more definite statement.

15   In Part B, the Court addresses CTS’ Motion to Sever the FAC.

16           **A.    Motion to Strike Under Rule 12(f) and Motion to Dismiss Under Rule 12(b)(6)**

17           Here, the Court addresses CTS’ Motion to Dismiss, or alternatively to strike, Plaintiffs’

18   second cause of action. In its motion, CTS argues that Plaintiffs’ second cause of action for

19   “Violation of Public Policy” should be dismissed for failure to state a claim pursuant to Rule

20   12(b)(6) because “it is duplicative and repetitive” of Plaintiffs’ first cause of action for “Wrongful

21   Termination,” “which is based on the same violation of public policy.” Mot. to Dismiss/Strike at 2,

22   4. CTS argues that because the second cause of action is “identical” to Plaintiffs’ first cause of

23   action, the second cause of action “fails to state a claim that is not already plead and should be

24   dismissed.” *Id.* at 6. Alternatively, CTS argues that Plaintiff’s second cause of action should be

25   stricken from the FAC pursuant to Rule 12(f) because it is redundant of Plaintiffs’ first cause of

26   action. *Id.* at 2, 4. Finally, CTS argues that Plaintiff’s second cause of action is “so vague and

27

28
Case No.: 13-CV-03679-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT’S MOTION TO STRIKE SECOND
CAUSE OF ACTION; DENYING AS MOOT DEFENDANT’S MOTION TO DISMISS PLAINTIFFS’ SECOND
CAUSE OF ACTION PURSUANT TO RULE 12(b)(6) AND DEFENDANT’S MOTION FOR A MORE DEFINITE
STATEMENT; GRANTING DEFENDANT’S MOTION TO SEVER PLAINTIFFS’ FIRST AMENDED
COMPLAINT

**United States District Court**
For the Northern District of California

1    ambiguous that Defendant cannot reasonably prepare a responsive pleading and provide initial

2    disclosures" and thus moves for a more definite statement under Rule 12(e) in the event that the

3    Court declines to grant the Motion to Dismiss or the Motion to Strike. *Id.* at 2, 6. CTS argues that

4    Plaintiffs should be required to replead their second cause of action "in concise and direct terms so

5    that Defendant may discern how it is different from Plaintiff's first cause of action." *Id.* at 6. For

6    the reasons explained below, the Court GRANTS IN PART and DENIES IN PART CTS' Motion

7    to Strike pursuant to Rule 12(f) because almost all of the allegations in Plaintiffs' second cause of

8    action are redundant of the allegations made in Plaintiffs' first cause of action. Because the Court

9    GRANTS IN PART CTS's Motion to strike pursuant to Rule 12(f), the Court DENIES AS MOOT

10   CTS' alternative request that Plaintiffs' second cause of action be dismissed pursuant to Rule

11   12(b)(6) because it is redundant of the first cause of action,[2] and DENIES AS MOOT CTS'

12   alternative request for a more definitive statement under Federal Rule of Civil Procedure 12(e).

13        Under Rule 12(f), a court "may strike from a pleading ... any redundant, immaterial,

14   impertinent, or scandalous matter." The "function of a 12(f) motion to strike is to avoid the

15   expenditure of time and money that must arise from litigating spurious issues by dispensing with

16   those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

17   Redundant matter is defined as including a needless repetition of allegations. *Thornton v.*

18   *Solutionone Cleaning Concepts, Inc.*, No. 06–1455, 2007 WL 210586 (E.D. Cal. Jan. 26, 2007).

19   Accordingly, courts utilize Rule 12(f) to strike parts of complaints which are redundant to other

20   causes of action. *See, e.g.*, *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal. 2005) (striking

21   causes of action which were redundant to other causes of action).

22

23

---

24   [2] The Court notes that CTS' Rule 12(b)(6) motion is misplaced. Rule 12(f), not Rule 12(b)(6), is the
     proper vehicle through which a party may seek relief when a complaint contains redundant matter.

25   Here, CTS improperly seeks to use Rule 12(b)(6) to strike redundant material from the complaint.
     The problem with the FAC which CTS identifies is not that the second cause of action fails to state

26   a claim for wrongful termination, which would be an acceptable basis for a Rule 12(b)(6) motion,
     but that the second cause of action is redundant to the first cause of action.

27
                                                    9
28   Case No.: 13-CV-03679-LHK
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE SECOND
     CAUSE OF ACTION; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND
     CAUSE OF ACTION PURSUANT TO RULE 12(b)(6) AND DEFENDANT'S MOTION FOR A MORE DEFINITE
     STATEMENT; GRANTING DEFENDANT'S MOTION TO SEVER PLAINTIFFS' FIRST AMENDED
     COMPLAINT

**United States District Court**
For the Northern District of California

1    In this case, almost all of the allegations in Plaintiffs' second cause of action titled

2    "Violation of Public Policy" are encompassed in Plaintiffs' first cause of action titled "Wrongful

3    Termination." Notably, Plaintiffs' first cause of action alleges that Plaintiffs' termination from

4    employment violated the public policy that "prohibit[s] racial discrimination, harassment, hostile

5    work environment, [and] meal and rest periods." FAC ¶ 27. Plaintiffs' second cause of action

6    similarly alleges that Plaintiffs' termination violated the public policy which prohibits

7    discrimination, harassment, and hostile work environments. FAC ¶ 35. Furthermore, Plaintiffs' first

8    cause of action alleges that Plaintiffs' termination violated the public policy which prohibits

9    retaliation for "having reported or filed complaint[s] about racial discrimination, harassment,

10   hostile work environment, labor code violations, and illegal conduct by the managing personnel."

11   FAC ¶ 27. Plaintiffs' second cause of action similarly alleges that Plaintiffs' termination "was in

12   retaliation for complaining about harassment and discrimination as well as for reporting illegal

13   conduct on the part of the managing personnel." FAC ¶ 36; *see also* FAC ¶ 31 (alleging that

14   California has a public policy "which prohibits retaliation against an individual who has made a

15   claim regarding discrimination and/or harassment and/or retaliation for reporting a supervisor's

16   wrongful conduct."); FAC ¶ 32 (alleging California has a public policy "against retaliation for

17   complaining about discrimination and/or harassment."). Because these allegations in Plaintiffs'

18   second cause of action are entirely repetitive of the allegations in Plaintiffs' first cause of action,

19   the Court hereby GRANTS CTS' motion to strike with respect to all allegations in Plaintiffs'

20   second cause of action which allege that Plaintiffs' termination violated the public policy that

21   prohibits racial discrimination, harassment, hostile work environments, and with respect to all

22   allegations that Plaintiffs' termination violated the public policy that prohibits retaliation against an

23   employee who has complained about harassment, discrimination, or who has reported illegal

24   conduct by managing personnel. The Court notes that Plaintiffs provide no persuasive rebuttal to

25   this analysis other than to cursorily state, "[F]or so long as the Court can determine that the

26

27

28   Case No.: 13-CV-03679-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE SECOND
CAUSE OF ACTION; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND
CAUSE OF ACTION PURSUANT TO RULE 12(b)(6) AND DEFENDANT'S MOTION FOR A MORE DEFINITE
STATEMENT; GRANTING DEFENDANT'S MOTION TO SEVER PLAINTIFFS' FIRST AMENDED
COMPLAINT

United States District Court
For the Northern District of California

1    complaint alleges sufficient facts to support a legal theory, motion to dismiss or strike cannot

2    survive." Opp'n at 7.

3            However, there are two allegations in Plaintiffs' second cause of action which the Court

4    declines to strike because they are not contained within Plaintiffs' first cause of action. First,

5    Plaintiffs' second cause of action alleges that "California also has a public policy as set forth in the

6    Fair Employment and Housing Act ("FEHA") and in its state constitution against gender

7    discrimination," FAC ¶ 32, and also alleges that Plaintiffs' termination from employment violated

8    the public policy which prohibits "discrimination" generally, FAC ¶ 35. The Court assumes that the

9    latter allegation is intended to encompass an assertion by Plaintiffs that Plaintiffs' termination

10   violated the public policy against *gender* discrimination. Plaintiffs' first cause of action, in contrast,

11   does not set forth any allegation that Plaintiffs' termination violated a public policy against *gender*

12   discrimination, but only alleges that Plaintiffs' termination violated the section of FEHA which

13   prohibits termination based on "race, religious creed, color, national origin, ancestry, physical

14   disability, mental disability, medical condition." FAC ¶ 26 (quoting Cal. Gov. Code. § 12940); *see*

15   *also* FAC ¶ 27 (alleging that Plaintiffs' termination from employment violated the public policy

16   that "prohibit[s] *racial* discrimination") (emphasis added)). Accordingly, the Court concludes that

17   Plaintiffs' allegation in their second cause of action that Plaintiffs' termination violated a public

18   policy against gender discrimination is not redundant of any allegation in Plaintiffs' first cause of

19   action and should not be stricken pursuant to Rule 12(f).

20           Second, Plaintiffs' first cause of action only alleges that Defendants' wrongful *termination*

21   violated various public policies. *See* First Cause of Action, FAC ¶¶ 25-29 (titled "Wrongful

22   Termination). While the allegations in Plaintiffs' second cause of action largely focus on how

23   Defendants' wrongful *termination* of Plaintiffs violated public policy, *see* FAC ¶ 35 (alleging that

24   Plaintiffs' "termination" violated public policy), ¶ 37 (alleging lost income as a direct result of

25   "Defendants' wrongful termination of Plaintiffs in violation of [] public policy"), Plaintiffs' second

26   cause of action also contains one allegation that some *other* conduct by CTS violated public policy.

27
                                                      11
     Case No.: 13-CV-03679-LHK
28   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE SECOND
     CAUSE OF ACTION; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND
     CAUSE OF ACTION PURSUANT TO RULE 12(b)(6) AND DEFENDANT'S MOTION FOR A MORE DEFINITE
     STATEMENT; GRANTING DEFENDANT'S MOTION TO SEVER PLAINTIFFS' FIRST AMENDED
     COMPLAINT

1    *See* FAC ¶ 36 (alleging that "Defendants' conduct against Plaintiffs as herein alleged, including *but*

2    *not limited to sudden termination of their employment*, was in retaliation for complaining about

3    harassment and discrimination . . .") (emphasis added)). The second cause of action does not

4    specify what this conduct by Defendants actually is. *See* Second Cause of Action, FAC ¶¶ 30-38.

5    Nonetheless, the Court concludes that Plaintiffs' allegation that Defendants' conduct separate and

6    apart from Defendants' termination of Plaintiffs violated public policy is not redundant of any

7    allegation in the first cause of action and should not be stricken pursuant to Rule 12(f).

8    Accordingly, the Court DENIES IN PART CTS' Motion to Strike because the Court declines to

9    strike Plaintiffs' allegation that Defendants' termination of Plaintiffs violated a public policy

10   against gender discrimination and declines to strike any allegation that Defendants' conduct other

11   than Defendants' termination of Plaintiffs violated public policy.

12   Because motions to strike are generally regarded with disfavor, *Lazar v. Trans Union LLC,*

13   195 F.R.D. 665, 669 (C.D. Cal. 2000), courts often require "a showing of prejudice by the moving

14   party" before granting the requested relief. *California Dept. of Toxic Substances Control v. Alco P.,*

15   *Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (citation omitted). The possibility that issues

16   will be unnecessarily complicated is the type of prejudice that is sufficient to support the granting

17   of a motion to strike. *Id.* (citation omitted). In this case, the Court strikes the repetitive allegations

18   in the second cause of action because a contrary decision would prejudice Defendants by forcing

19   Defendants to waste resources by litigating essentially the same claim twice and to simultaneously

20   attempt to ascertain how the second cause of action is different from the first.

21   Given that the Court GRANTS IN PART CTS' motion to strike, the Court must consider

22   whether to grant leave to amend. Unless granting leave would prejudice the opposing party, courts

23   typically grant leave to amend stricken pleadings pursuant to Rule 12(f). *See Kohler v. Staples the*

24   *Off. Superstore, LLC*, 291 F.R.D. 464, 467 (S.D. Cal. 2013). Further, the Ninth Circuit has held

25   that leave to amend generally should be denied only if allowing amendment would unduly

26   prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in

27

28   Case No.: 13-CV-03679-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE SECOND
CAUSE OF ACTION; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND
CAUSE OF ACTION PURSUANT TO RULE 12(b)(6) AND DEFENDANT'S MOTION FOR A MORE DEFINITE
STATEMENT; GRANTING DEFENDANT'S MOTION TO SEVER PLAINTIFFS' FIRST AMENDED
COMPLAINT

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    bad faith. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Because

2    none of the conditions in *Leadsinger* have been met in this case, the Court grants Plaintiffs leave to

3    amend their second cause of action to clarify that it alleges only two things: a) that Defendants'

4    termination of Plaintiffs violated the public policy embedded in FEHA and the state constitution

5    against gender discrimination, and b) that Defendants' actions other than termination of Plaintiffs,

6    if any, violated public policy.[3]

7    ###    B.       Motion to Sever Plaintiffs' Claims

8    The Court now addresses CTS' motion to sever Plaintiffs' FAC pursuant to Rule 20 and 21,

9    in which it asks this Court to sever the claims asserted by both Plaintiffs into two separate actions.

10    *See* ECF No. 15 ("Mot. to Sever"). For the reasons explained below, the Court GRANTS CTS'

11    motion.

12    First, the Court sets forth the relevant procedural history. While the parties were still

13    proceeding in Santa Clara Superior Court, CTS filed a special demurrer to Plaintiffs' original

14    complaint in which CTS asked the Superior Court to dismiss Plaintiffs' entire complaint due to

15    improper joinder of Plaintiffs pursuant to California Code of Civil Procedure 378[4] and asked the

16

---

17    [3] CTS also requests, *see* Mot. to Dismiss at 6-7, that Plaintiffs' second cause of action be dismissed pursuant to Rule 8, which requires pleadings that state a claim for relief to include a short and plain

18    statement indicating the grounds for jurisdiction, a short and plain statement of the claim, and a demand for the relief sought. The Ninth Circuit has held that dismissal for failure to comply with

19    Rule 8 is proper where "the very prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v.*

20    *Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996). "Rule 8(a) has 'been held to be violated by a pleading

21    that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.' " *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047,

22    1059 (9th Cir. 2011) (citation omitted). Here, because the Court grants the motion to strike pursuant to Rule 12(f), the Court DENIES AS MOOT CTS' request to dismiss the second cause of

23    action pursuant to Rule 8.

24    [4] California Code of Civil Procedure section 378 provides, in relevant part: "All persons may join in one action as plaintiffs if: (1) They assert any right to relief jointly, severally, or in the

25    alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the

26    action; or (2) They have a claim, right, or interest adverse to the defendant in the property or controversy which is the subject of the action." Cal. Code Civ. Proc. § 378(a).

27    13

28    Case No.: 13-CV-03679-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE SECOND
CAUSE OF ACTION; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND
CAUSE OF ACTION PURSUANT TO RULE 12(b)(6) AND DEFENDANT'S MOTION FOR A MORE DEFINITE
STATEMENT; GRANTING DEFENDANT'S MOTION TO SEVER PLAINTIFFS' FIRST AMENDED
COMPLAINT

1    Court to order Plaintiffs to file new and separate distinct complaints. *See* ECF No. 1, Exhibit B at

2    5-8. CTS argued that there was a misjoinder of Plaintiffs because Plaintiffs' claims did not arise

3    from the same transaction nor shared common questions of law or fact. *Id.* at 5. After holding a

4    hearing on this matter, at which Plaintiffs did not appear, the Court sustained CTS' request, holding

5    that the "[d]emurrer is SUSTAINED with leave to amend." *Id.*, Exhibit C (Order on Demurrer,

6    July 1, 2013). Plaintiffs subsequently filed a joint FAC which alleged the same facts as stated in the

7    original Complaint and did nothing to address the issue of misjoinder of Plaintiffs.

8    After removing the entire action to federal court, CTS filed a motion to sever the FAC,

9    which is currently pending before this Court. In that motion, CTS argues that because Plaintiff

10   Nguyen and Plaintiff Le's claims are not based on the same transactions or occurrences, nor based

11   on common issues of fact or law, the FAC fails to meet the standard of Rule 20(a) for permissive

12   joinder of Plaintiffs' claims. *Id.* at 1. CTS further argues that Rule 21 "endows this Court with the

13   discretion to sever parties and claims where, as here, severance would relieve Defendant of

14   significant prejudice and serve judicial economy." *Id.* In response, Plaintiffs argue that Plaintiffs'

15   claims arise from the same occurrences and transactions and that Plaintiffs "plead the same causes

16   of action or legal theories for relief. Therefore, [Plaintiffs] are rightfully joined as Plaintiffs in this

17   action." Opp'n at 8-9.

18   The Court need not reach or analyze the merits of CTS' motion to sever because this Court

19   gives effect to the state court's decision to sustain CTS' demurrer to sever Plaintiffs' claims. It is

20   well settled law in the Ninth Circuit that when a case is removed from state court to federal court,

21   as this case was, the federal court "takes the case up where the State left it off," and hence gives the

22   same effect to prior state court rulings that the state court would. *See Jenkins v. Commonwealth*

23   *Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996); *Granny Goose Foods, Inc. v. Bhd. of*

24   *Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 436 (1974)

25   ("Congress clearly intended to preserve the effectiveness of state court orders after removal ...").

26   Because "[t]he federal court ... treats everything that occurred in the state court as if it had taken

27   14

28   Case No.: 13-CV-03679-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE SECOND CAUSE OF ACTION; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND CAUSE OF ACTION PURSUANT TO RULE 12(b)(6) AND DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT; GRANTING DEFENDANT'S MOTION TO SEVER PLAINTIFFS' FIRST AMENDED COMPLAINT

1    place in federal court," *see Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963), the Ninth

2    Circuit has held that an "order entered by a state court 'should be treated as though it had been

3    validly rendered in the federal proceeding.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876,

4    887 (9th Cir. 2010) (quoting *Butner*, 324 F.2d at 786); *see also Resolution Trust Corp. v. Bayside*

5    *Developers*, 43 F.3d 1230, 1238 (9th Cir. 1994) ("[I]mmediately after removal the district court

6    would adopt the state court judgment as its own."). Following this precedent, courts in this Circuit

7    have routinely adopted state court rulings on particular issues when those issues were subsequently

8    raised again after removal to federal court. *See, e.g.*, *Sanchez v. Bay Area Rapid Transit Dist.*, 2013

9    WL 4764485 (N.D. Cal. 2013) (granting Defendant's motion to dismiss negligence claims pursuant

10   to *Jenkins* and *Granny Goose* because state court had already sustained Defendant's demurrer to

11   dismiss those claims prior to removal of the action to federal court); *W. Ben. Solutions, LLC v.*

12   *Gustin*, 2012 WL 4417190 (D. Idaho 2012) (adopting a state court ruling that was made before

13   case was removed to federal court, pursuant to *Jenkins* and *Butner*). Accordingly, in this case, this

14   Court gives effect to the state court's decision to sever Plaintiffs' claims, and thereby GRANTS

15   CTS' motion to sever. This ruling is further supported by the Ninth Circuit's holding that principles

16   of comity as well as prevention of inconsistent rulings weigh in favor of deferring to a prior court's

17   decision in the same case. *See Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 530 (9th Cir.

18   2000) (citation omitted) ("[O]ne judge should not overrule the prior decisions of another sitting in

19   the same case because of the principles of comity and uniformity [which] ... preserve the orderly

20   functioning of the judicial process.").

21   **IV.    CONCLUSION**

22         For the foregoing reasons, the Court GRANTS in part CTS' Motion to Strike Plaintiffs'

23   Second Cause of Action in the FAC with leave to amend and GRANTS CTS' Motion to Sever

24   Plaintiffs' claims. Accordingly, should Plaintiffs each elect to file a Second Amended Complaint,

25   they shall do so within 21 days of the date of this Order. Plaintiffs may not add new claims or

26   parties without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil

27

28
Case No.: 13-CV-03679-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE SECOND
CAUSE OF ACTION; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND
CAUSE OF ACTION PURSUANT TO RULE 12(b)(6) AND DEFENDANT'S MOTION FOR A MORE DEFINITE
STATEMENT; GRANTING DEFENDANT'S MOTION TO SEVER PLAINTIFFS' FIRST AMENDED
COMPLAINT

**United States District Court**
For the Northern District of California

1 Procedure 15. Plaintiffs' failure to meet the 21-day deadline to file their separate amended

2 complaints or failure to cure the deficiencies identified in this Order will result in a dismissal with

3 prejudice. The Clerk of Court will assign separate case numbers to the individual new complaints

4 filed, but each case will be assigned to the undersigned district judge and Magistrate Judge Paul

5 Grewal.

6 **IT IS SO ORDERED.**

7 Dated: January 6, 2014

_____

LUCY H. KOH
United States District Judge

16

Case No.: 13-CV-03679-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE SECOND
CAUSE OF ACTION; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND
CAUSE OF ACTION PURSUANT TO RULE 12(b)(6) AND DEFENDANT'S MOTION FOR A MORE DEFINITE
STATEMENT; GRANTING DEFENDANT'S MOTION TO SEVER PLAINTIFFS' FIRST AMENDED
COMPLAINT